UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO.  10-3222** |
| **TERRY HINES, WARDEN** | **SECTION "A"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.    Factual Background**

The petitioner, Charles Taylor ("Taylor"), is a convicted inmate currently incarcerated in the LCS Caldwell Detention Center in Grayson, Louisiana.[2]  On April 27, 1990, Taylor was indicted

---

[1] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 12.

1

by a grand jury in St. Charles Parish on two counts of distribution of cocaine occurring on December 5 and December 12, 1989.[3]

With regard to the one count for which Taylor was later tried, the record reflects that Taylor was arrested for selling cocaine to Don Carter, an undercover narcotics detective with the St. Charles Parish Sheriff's Office.[4] Under surveillance by Officer Anthony Akins, Detective Carter drove to a location in Boutte, Louisiana, where Taylor was standing alongside the street. Taylor flagged the undercover officer down and offered to obtain some cocaine for him to purchase. Taylor got into Carter's automobile and directed him to drive to an address in a nearby housing project. Unbeknownst to Taylor, Detective Carter was tape-recording their conversation.

When Detective Carter reached the address in the housing project, Taylor got out of the car, went inside an apartment, and returned with a quantity of cocaine to sell to Detective Carter. The detective and Taylor completed the sale, and Taylor exited the car. The detective performed a standard field-test on the substance, and the substance tested positive for cocaine. That was later confirmed by laboratory testing.

Taylor was tried on one count of distribution before a jury on August 7, 1991, and was found guilty as charged.[5] The Trial Court sentenced Taylor as a multiple offender on October 9, 1991, to serve 15 years in prison at hard labor.[6]

---

[3]St. Rec. Vol. 1 of 5, Indictment, 4/27/90.

[4]The facts of the case were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal. *State v. Taylor*, 597 So.2d 123, 124-25 (La. App. 5th Cir. 1992); St. Rec. Vol. 3 of 5, 5th Cir. Opinion, 91-KA-923, 3/31/92.

[5]St. Rec. Vol. 1 of 5, Trial Minutes, 8/7/91; Trial Transcript, 8/7/91; St. Rec. Vol. 2 of 5, Trial Transcript (continued), 8/7/91.

[6]St. Rec. Vol. 1 of 5, Sentencing Minutes, 10/9/91; Multiple Bill, 10/9/91; St. Rec. Vol. 2 of 5, Sentencing Transcript, 10/9/91.

On direct appeal, Taylor's counsel raised four assignments of error:[7] (1) the trial judge erred in denying the motion for mistrial where the district attorney did not provide defense with its entire file; (2) the evidence was insufficient to support the verdict; (3) the State failed to disclose the fact that prosecution witness, Anthony Akins, had a criminal conviction; and (4) the court was requested to conduct an errors patent review. On March 31, 1992, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction finding no merit in the substantive claims raised.[8] The Court on errors patent review found that the trial court erred during the multiple offender proceeding. The Court vacated the sentence and remanded the matter for resentencing.

While on remand for resentencing, Taylor's counsel also filed a motion for new trial based on the conviction record of Akins.[9] After a hearing held on June 17, 1992, the Trial Court denied the motion in open court on December 21, 1992.[10] Taylor's counsel moved for appeal, and that appeal was later stayed as premature, because Taylor had not yet been resentenced.[11]

The Court thereafter held another hearing on May 19, 1993, on the multiple bill in accordance with the remand, and thereafter resentenced Taylor to serve 15 years at hard labor.[12] At a subsequent hearing held July 28, 1993, the court noted that Taylor was not represented at the May

---

[7]St. Rec. Vol. 2 of 5, Appeal Brief, 91-KA-923 (undated).

[8]*State v. Taylor*, 597 So.2d at 123; St. Rec. Vol. 3 of 5, 5th Cir. Opinion, 91-KA-923, 3/31/92.

[9]St. Rec. Vol. 2 of 5, Motion for New Trial, 4/28/92.

[10]St. Rec. Vol. 2 of 5, Motion Hearing Minutes, 6/17/92; Minute Entry, 12/21/92; St. Rec. Vol. 3 of 5, Motion Hearing Transcript, 6/17/92; Motion Hearing Transcript, 12/21/92.

[11]*State v. Taylor*, 656 So.2d 722, 723 (La. App. 5th Cir. 1995); St. Rec. Vol. 4 of 5, 5th Cir. Opinion, 93-KA-226, p. 2, 5/30/95.

[12]St. Rec. Vol. 1 of 5, Resentencing Minutes, 5/19/93; St. Rec. Vol. 3 of 5, Resentencing Transcript, 5/19/93.

3

19, 1993 resentencing.[13] The Court therefore rescheduled the multiple bill hearing with counsel to be present.

On September 16, 1993, Taylor filed a writ application in the Louisiana Fifth Circuit seeking relief from his conviction based on the undisclosed criminal history of Akins.[14] On October 1, 1993, the Court denied the application as repetitive of the direct appeal.[15]

In the meantime, at a hearing held on September 29, 1993, the Trial Court found Taylor to be a multiple offender and resentenced him to serve 15 years in prison at hard labor.[16]

On October 5, 1993, Taylor submitted a petition in the trial court seeking an emergency writ of habeas corpus arising from the discovery of Akins's criminal record.[17] The Trial Court dismissed the petition on November 9, 1993, finding it to be repetitive of the direct appeal and the motion for new trial.[18]

On February 21, 1994, Taylor submitted a motion seeking to vacate his sentence as illegal claiming that he was not represented during the plea leading to the prior conviction.[19] The Trial Court set the matter for another hearing.[20]

---

[13]St. Rec. Vol. 1 of 5, Minute Entry, 7/28/93.

[14]*See* St. Rec. Vol. 3 of 5, 5th Cir. Order, 93-KH-762, 10/1/93 (showing filing date of 9/16/93).

[15]*Id.*

[16]St. Rec. Vol. 1 of 5, Multiple Bill Hearing Minutes, 7/29/93; St. Rec. Vol. 3 of 5, Hearing Transcript, 7/29/93.

[17]St. Rec. Vol. 3 of 5, Petition for Emergency Writ of Habeas Corpus, 10/11/93 (dated 10/5/93).

[18]St. Rec. Vol. 2 of 3, Trial Court Judgment, 11/9/93; Reasons for Judgment, 11/9/93.

[19]St. Rec. Vol. 4 of 5, Writ of Habeas Corpus to Vacate an Illegal Multiple Bill Sentence, 2/23/94 (dated 2/21/94); Supplemental Motion, 7/20/94.

[20]St. Rec. Vol. 4 of 5, Trial Court Order, 6/1/94.

At the hearing held on September 21, 1994, the State presented additional evidence related to the prior conviction, and the Trial Court found Taylor again to be a multiple offender.[21] The Court resentenced Taylor to serve 15 years in prison at hard labor as a multiple offender.

In its ruling on Taylor's appeal from the resentencing issued May 30, 1995, the Louisiana Fifth Circuit affirmed the sentence and found no merit to Taylor's claims.[22] Taylor's conviction and sentence became final 30 days later, on June 30, 1995, because he did not seek rehearing or file for review in the Louisiana Supreme Court.[23] *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); *Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009) (timely filed motion for rehearing must be considered in determining the finality of a conviction); *see also Burton v. Stewart*, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

On August 2, 1995, Taylor submitted a writ application to the Louisiana Fifth Circuit, which the Court denied for failure to state entitlement to relief.[24] He filed another writ application on November 21, 1995, which was also denied as repetitive.[25]

---

[21]St. Rec. Vol. 1 of 5, Multiple Bill Hearing Minutes, 9/21/94; St. Rec. Vol. 4 of 5, Resentencing Minutes, 9/21/94; Resentencing Transcript, 9/21/94.

[22]*State v. Taylor*, 656 So.2d at 722; St. Rec. Vol. 4 of 5, 5th Cir. Opinion, 93-KA-226, 5/30/95.

[23]Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[24]The State failed to provide the Court with a copy of this writ application. St. Rec. Vol. 4 of 5, 5th Cir. Order, 95-KH-619, 9/11/95 (filing date of 8/2/95 appears on the face of the order).

[25]The State failed to provide the Court with a copy of this writ application. St. Rec. Vol. 4 of 5, 5th Cir. Order, 95-KH-993, 12/4/95 (filing date of 11/21/95 appears on the face of the order).

The record reflects that on February 15, 1996, Taylor filed an application for post-conviction relief with the Trial Court.[26] Although this pleading does not appear in the record, Taylor indicated in his subsequent letter the date on which his pleading was filed.[27] Furthermore, the State concedes that a first application was filed by Taylor and was disposed of by the Trial Court on March 28, 1996. On that date, the Trial Court denied three of Taylor's claims as repetitive of matters resolved on appeal.[28] The Court also denied relief on another claim finding that five years had not passed since his prior conviction used in the multiple bill proceeding. His final two claims were denied for failure to state the grounds to support his claims with particularity citing La. Code Crim. P. art. 926(B)(3). Taylor did not seek review of the Trial Court's ruling.

Shortly thereafter, on April 16, 1996, Taylor submitted a second application for post-conviction raising three claims:[29] (1) ineffective assistance of counsel; (2) newly discovered evidence to impeach Akins's testimony; and (3) the Trial Court erred in denying the motion for new trial. After receiving a response from the State to the application, the Trial Court dismissed the application on July 3, 1996, finding that the courts had already denied relief on his claims and he failed to state a claim for which relief could be granted.[30] The Court denied Taylor's request for reconsideration without stated reasons on July 24, 1996.[31] Taylor did not seek review of the Trial Court's rulings.

---

[26]St. Rec. Vol. 4 of 5, Letter to Clerk of Court, 3/20/96.

[27]*Id.*

[28]St. Rec. Vol. 4 of 5, Per Curiam Order, 3/28/96; Trial Court Order, 3/28/96.

[29]St. Rec. Vol. 4 of 5, Application for Post-Conviction Relief, 4/25/96 (dated 4/16/96).

[30]St. Rec. Vol. 4 of 5, Trial Court Order, 7/3/96; Trial Court Order, 4/24/96; State's Response to Second Application for Post-Conviction Relief, 7/3/96.

[31]St. Rec. Vol. 4 of 5, Trial Court Order, 7/24/96; Motion for Reconsideration, 7/24/96 (dated 7/18/96).

On March 5, 1997, Taylor filed an application for writ of mandamus with the Louisiana Fifth Circuit apparently seeking a ruling for an application for post-conviction relief he claimed to have filed with the Trial Court on November 14, 1996.[32] The Court denied the application on March 21, 1997, based on the Trial Court's representation that no such application had been filed.[33]

Taylor apparently filed for the same relief in another application for writ of mandamus on March 26, 1997.[34] The Court denied relief as repetitive of his prior writ application.[35]

Undaunted, Taylor filed a third application for writ of mandamus on April 3, 1997, apparently providing the Court with a certified mail receipt dated November 18, 1996.[36] The Court denied the application on April 28, 1997, based on the Trial Court's representation that no such pleading was received on November 18, 1996, under that certified mail item number.[37]

On August 4, 1997, Taylor again filed an application for writ of mandamus apparently claiming that he filed another application for post-conviction relief to the Trial Court on April 15, 1997.[38] The Court denied the application on August 28, 1997, based on the Trial Court's representation that no application had been filed in its record on that date.[39]

---

[32] The State failed to provide the Court with a copy of this writ application. St. Rec. Vol. 4 of 5, 5th Cir. Order, 97-KH-214, 3/21/97 (filing date of 3/5/97 appears on the face of the order).

[33] *Id.*

[34] The State failed to provide the Court with a copy of this writ application. St. Rec. Vol. 4 of 5, 5th Cir. Order, 97-KH-291, 4/4/97 (filing date of 3/26/97 appears on the face of the order).

[35] *Id.*

[36] The State failed to provide the Court with a copy of this writ application. St. Rec. Vol. 4 of 5, 5th Cir. Order, 97-KH-313, 4/28/97 (filing date of 4/3/97 appears on the face of the order).

[37] *Id.*

[38] The State failed to provide the Court with a copy of this writ application. St. Rec. Vol. 5 of 5, 5th Cir. Order, 97-KH-758, 8/28/97 (filing date of 8/4/97 appears on the face of the order).

[39] *Id.*

Taylor sought review in the Louisiana Supreme Court of the Louisiana Fifth Circuit's orders issued April 28, 1997, and August 28, 1997.[40] On October 3, 1997, the Louisiana Supreme Court granted Taylor's writ application and transferred the application to the Trial Court to file and consider.[41]

The Trial Court thereafter considered Taylor's application in which he raised three grounds for relief:[42] (1) ineffective assistance of counsel; (2) newly discovered evidence to impeach Akins's testimony; and (3) the Trial Court erred in denying the motion for new trial. After receiving a response from the State and a traverse from Taylor, the Trial Court dismissed the application on June 8, 1998, as a successive application which failed to raise new or different claims.[43]

The Louisiana Fifth Circuit denied Taylor's subsequent writ applications apparently seeking to compel the Trial Court to rule on the merits of his post-conviction claims.[44] Taylor sought review of those rulings in the Louisiana Supreme Court.[45] The Court denied the application without stated

---

[40]St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 97-KH-2319, 9/16/97 (postmarked 9/8/97, dated 9/5/97); La. S. Ct. Letter, 97-KH-2319, 9/16/97.

[41]*State ex rel. Taylor v. State*, 701 So.2d 185 (La. 1997); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 97-KH-2319, 10/3/97.

[42]St. Rec. Vol. 5 of 5, Application for Post-Conviction Relief, 4/18/97 (dated 4/15/97). The Trial Court appears to have back-dated the application to its original suggested filing date.

[43]St. Rec. Vol. 5 of 5, Order and Reasons, 6/8/98; Trial Court Order, 12/22/97; State's Answer to Fourth Application for Post-Conviction Relief, 1/23/98; Traverse to State's Response, 2/3/98.

[44]The State failed to provide the Court with a copy of this writ applications. St. Rec. Vol. 5 of 5, 5th Cir. Order, 98-KH-556, 6/18/08; 5th Cir. Order, 98-KH-843, 8/28/98.

[45]The State failed to provide the Court with a copy of this writ application. St. Rec. Vol. 5 of 5, La. S. Ct. Letter, 98-KH-2274, 11/3/98.

reasons on March 19, 1999.[46] The Court also denied Taylor's request for reconsideration on May 7, 1999.[47]

Taylor, on May 30, 1999, moved the Trial Court to amend or modify his sentence.[48] The Trial Court denied the motion without stated reasons on August 8, 1999.[49]

Over ten years later, on September 10, 2009, Taylor submitted a writ application with the Louisiana Fifth Circuit alleging that he had filed a writ of habeas corpus in the Trial Court on June 9, 2009, and had not received a ruling.[50] The Court granted the writ on December 10, 2009, and ordered the Trial Court to rule on the writ of habeas corpus if in fact it was properly filed.[51]

In the meantime, on December 1, 2009, Taylor submitted a motion to recuse the trial court judge as related to his prior counsel.[52] The Trial Court denied the motion as factually baseless in January of 2010.[53]

---

[46]*State ex rel. Taylor v. State*, 739 So.2d 775 (La. 1999); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 98-KH-2774, 3/19/99.

[47]*State ex rel. Taylor v. State*, 741 So.2d 25 (La. 1999); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 98-KH-02774, 5/7/99.

[48]St. Rec. Vol. 5 of 5, Motion to Amend or Modify Sentence, 6/2/99 (dated 5/30/99).

[49]St. Rec. Vol. 5 of 5, Trial Court Order, 8/8/99.

[50]St. Rec. Vol. 5 of 5, 5th Cir. Writ Application, 09-KH-908, 10/29/09 (dated 9/10/09).

[51]St. Rec. Vol. 5 of 5, 5th Cir. Order, 09-KH-908, 12/10/09.

[52]St. Rec. Vol. 5 of 5, Motion for Recusation of Judge, 12/8/09 (dated 12/1/09).

[53]St. Rec. Vol. 5 of 5, Trial Court Order, dated "January, 2004" believed to be a typographical error and without a date certain.

On January 5, 2010, the Trial Court denied Taylor's writ of habeas corpus, because no such pleading could be found in the record.[54] The Louisiana Fifth Circuit denied relief on Taylor's subsequent writ applications seeking review of that order.[55]

On March 10, 2010, Taylor submitted a letter to the clerk of the Trial Court indicating that he wished to provide the Court with a copy of his writ of habeas corpus which he had previously submitted without the proper docket number.[56] Attached to that letter is a copy of a petition for writ of habeas corpus raising ineffective assistance of counsel and other errors in the denial of the motion for new trial based on later discovered evidence and a document entitled "Letter of Clarification for Typographical Errors," in which he attempted to explain his prior efforts on June 9, 2009, to submit a writ of habeas corpus seeking reconsideration of his case under *State v. Cordero*, 993 So.2d 203 (La. 2008).[57] Based on the Trial Court's later rulings, this letter was not considered to be a properly filed pleading for that court's review.

On September 9, 2010, Taylor submitted a writ application with the Louisiana Fifth Circuit alleging that he had filed a writ of habeas corpus with the Trial Court six months earlier and had not received a ruling.[58] In its order, the Court noted that Taylor failed to provide it with a copy of the

---

[54]St. Rec. Vol. 5 of 5, Trial Court Order, 1/5/10.

[55]St. Rec. Vol. 5 of 5, 5th Cir. Order, 10-KH-142, 3/2/10; 5th Cir. Order, 10-KH-173, 3/23/10.

[56]St. Rec. Vol. 5 of 5, Petition for Writ of Habeas Corpus, 3/18/10 (dated 3/10/10).

[57]*Id*. The *Cordero* court addressed the alleged procedural improprieties and summary dismissal without judicial review of pro se post-conviction writ applications filed in the Louisiana Fifth Circuit Court of Appeal court between February 8, 1994 and May 21, 2007. *Id*., 993 So.2d at 204. The Court listed hundreds of writ applications related to petitioner's effected by this summary review process. Charles Taylor is not among the listed petitioners.
Nevertheless, to the extent he suggests that this decision, issued October 3, 2008, somehow triggered a new time period, his petition is still untimely filed. Under the AEDPA's provisions, Taylor would have had one year from this new trigger to file a timely federal petition, unless the period was otherwise tolled. As indicated by the procedural history above, Taylor had no properly filed state post-conviction or other collateral review pending within the one-year following the issuance of *Cordero* on October 3, 2008. His

[58]St. Rec. Vol. 5 of 5, 5th Cir. Writ Application, 10-KH-921, 10/22/10 (dated 9/9/10).

application to determine whether a pleading was properly filed. It nevertheless granted the writ on November 16, 2010, for the purpose of transferring it to the Trial Court for disposition.[59]

On November 22, 2010, the Trial Court denied the petition for writ of habeas corpus as improperly filed since no such pleading had been filed in the Court's record.[60]

## II.    Federal Petition

On September 24, 2010, the clerk of this Court filed Taylor's petition for federal habeas corpus relief, in which he raised two grounds for relief:[61] (1) his conviction was obtained in violation of the United States Constitution and laws of Louisiana; and (2) he was denied effective assistance of counsel. Rather than brief these claims, Taylor concedes in his memorandum that he has failed to exhaust state court remedies, because he believes his claims to be too important to wait for review in the state courts. He also concedes that he failed to properly raise the claims on appeal. He also seeks appointment of counsel to comb the record to find other prejudicial errors that could be raised.

The State filed a response in opposition to Taylor's petition arguing that the petition is not timely filed.[62]

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[63] applies to this petition, which is deemed filed in this Court under the federal

---

[59]St. Rec. Vol. 5 of 5, 5th Cir. Order, 10-KH-921, 11/16/10.

[60]St. Rec. Vol. 5 of 5, Trial Court Order, 11/22/10.

[61]Rec. Doc. No. 1.

[62]Rec. Doc. No. 11.

[63]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become

11

mailbox rule on September 3, 2010.[64] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State in this case argues that Taylor's federal petition was not timely filed. The record supports the State's limitations defense, and the Court alternatively finds *sua sponte* that Taylor has failed to exhaust available state court remedies.

## IV. Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[65] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Taylor's conviction

---

effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[64]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Taylor's federal habeas petition on September 24, 2010, when pauper status was granted. Taylor signed the petition on September 3, 2010. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

[65]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

became final on June 30, 1995, which was 30 days after his resentencing was affirmed on appeal. Under the plain language of § 2244, Taylor had one year from that date to file a timely federal application for habeas corpus relief and he failed to do so. However, where a petitioner's conviction became final prior the AEDPA, the Fifth Circuit has granted habeas petitioners one year after the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. *Flanagan*, 154 F.3d at 200; *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999).

The Court in " Flores concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Flanagan*, 154 F.3d at 200 (citing *Flores*, 135 F.3d at 1004-05). "[P]etitioners ... whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." *Id*. (citing *Flores*, 135 F.3d at 1005).

Because Taylor's conviction became final before AEDPA's effective date, he was required to file the instant federal habeas petition no later than April 24, 1997. Taylor is deemed to have filed this petition on September 3, 2010, over 13 years after the allowable grace period expired, and it must be dismissed as untimely, unless the one-year statute of limitations grace period was interrupted or otherwise tolled in either of the two ways recognized in the applicable law.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state

post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the AEDPA filing period began to run on April 25, 1996, the day after the AEDPA went into effect. At that time, Taylor had his second application for post-conviction relief pending in the Trial Court. The application remained pending until August 23, 1996, when he did not seek review of the Trial Court's denial of his motion for reconsideration. The grace filing period began to run on August 24, 1996, for 82 days, until November 18, 1996, when he claimed to have submitted an application for post-conviction relief to the state trial court. Affording Taylor every benefit of his filings, that application is considered to have remained pending until May 7, 1999, when the Louisiana Supreme Court denied his related writ application.

The grace filing period began to run again on May 8, 1999, for 22 days, until May 30, 1999, when Taylor submitted his motion to amend or modify his sentence to the Trial Court. The motion remained pending until September 7, 1999, which was 30 days after the Trial Court ruled and he did not seek further review.

The grace filing period began to run again on September 8, 1999, and did so uninterrupted for the remaining 261 days, until May 25, 2000, when it expired. Taylor did not have any properly filed state post-conviction or other collateral review pending in any state court during this period.

In addition to this period, Taylor allowed at least another 3,301 days, over nine years, to pass without any properly filed state application for post-conviction or other collateral review. His next possible state court filing was the application for post-conviction relief he claimed to have submitted to the state trial court on June 9, 2009, and which the state trial court later ruled was never properly filed. In fact, the state trial court eventually resolved that none of Taylor's post-conviction

applications allegedly submitted in 2009 and 2010 were properly filed. Even assuming that the June 9, 2009, alleged pleading was properly filed, which this Court does not find, it was made nine years after the AEDPA grace filing period expired and does not afford him any additional tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Taylor's federal petition is untimely filed.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland*, 130 S. Ct. at 2564-65 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to

vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In this case, Taylor has not provided, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling. There is nothing to indicate that his extraordinary delay was outside of his control. The record simply demonstrates an excessive passage of time during which Taylor made no challenge to his conviction or sentence. He has not acted diligently or in a manner to warrant equitable tolling.

Taylor's federal petition is deemed filed on September 3, 2010, which was over 10 years after the AEDPA grace filing period expired on May 25, 2000. Taylor's federal petition must be dismissed as untimely filed.

### V. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Charles Taylor's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[66]

New Orleans, Louisiana, this 6th day of May, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[66]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.