UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3222** |
| **TERRY HINES, WARDEN** | **SECTION "A"(4)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On May 10, 2011, the undersigned Magistrate Judge issued a Report and Recommendation addressing Charles Taylor's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 challenging his 1991 conviction for distribution of cocaine.[1] The Court recommended that the petition be dismissed with prejudice as time-barred.[2] On June 28, 2011, the District Judge referred the case back to the undersigned Magistrate Judge for additional findings "on the issue of whether Taylor is entitled to relief based on his sentence having expired."[3] The Court has now received additional state records from the respondent to provide this information to the District Judge.

---

[1] Rec. Doc. No. 15.

[2] *Id.*

[3] Rec. Doc. No. 18.

**I.     Brief Recitation of the Factual and State Procedural Background**[4]

Taylor was convicted of one count of distribution of cocaine by a jury on August 7, 1991.[5] The Trial Court sentenced Taylor as a multiple offender on October 9, 1991, to serve 15 years in prison at hard labor.[6]

On direct appeal, the Louisiana Fifth Circuit Court of Appeal affirmed Taylor's conviction, but found on errors patent review that the trial court erred during the multiple offender proceeding.[7] The Court vacated the sentence and remanded the matter for resentencing.

After due proceedings on the issue, Trial Court ultimately resentenced Taylor on September 21, 1994, as a multiple offender to serve 15 years in prison at hard labor with credit for time served.[8]

In its ruling on Taylor's appeal from the resentencing issued May 30, 1995, the Louisiana Fifth Circuit affirmed the sentence and found no merit to Taylor's claims.[9] Taylor's conviction and sentence became final 30 days later, on June 30, 1995, because he did not seek rehearing or file for review in the Louisiana Supreme Court.[10] *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (citing

---

[4] The full factual and procedural history of Taylor's state court proceedings is provided in the Court's original Report and Recommendation. Rec. Doc. No. 15.

[5] St. Rec. Vol. 1 of 5, Trial Minutes, 8/7/91; Trial Transcript, 8/7/91; St. Rec. Vol. 2 of 5, Trial Transcript (continued), 8/7/91.

[6] St. Rec. Vol. 1 of 5, Sentencing Minutes, 10/9/91; Multiple Bill, 10/9/91; St. Rec. Vol. 2 of 5, Sentencing Transcript, 10/9/91.

[7] State v. Taylor, 597 So.2d 123 (La. App. 5th Cir. 1992); St. Rec. Vol. 3 of 5, 5th Cir. Opinion, 91-KA-923, 3/31/92.

[8] St. Rec. Vol. 1 of 5, Multiple Bill Hearing Minutes, 9/21/94; St. Rec. Vol. 4 of 5, Resentencing Minutes, 9/21/94; Resentencing Transcript, 9/21/94.

[9] State v. Taylor, 656 So.2d 722 (La. App. 5th Cir. 1995); St. Rec. Vol. 4 of 5, 5th Cir. Opinion, 93-KA-226, 5/30/95.

[10] Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

*Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); *Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009) (timely filed motion for rehearing must be considered in determining the finality of a conviction); *see also Burton v. Stewart*, 549 U.S. 147 (2007) (in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review,'" citing 28 U.S.C. § 2244(d)(1)(A)).

## II.     Supplemental Information

The supplemental records, referred to as a Pen Pack from the Louisiana Department of Public Safety and Corrections, contain reference to Taylor's 1991 conviction and his 15-year sentence for that conviction.[11] Taylor's prison transfer records reflect that he was incarcerated on that charge from 1991 through at least July 31, 2000, when he was apparently released to the probation and parole office in the Thibodeaux District of Louisiana.[12] The record indicates that Taylor was later "released" again on February 16, 2006, which may have been his complete release on the prior sentence. The other prison records, nevertheless, confirm that Taylor was not in prison when he was arrested on other domestic charges in Jefferson Parish on May 24, 2005, and in Bossier City on October 6, 2005. This confirms that Taylor had been released from the custody of a prison facility and was no longer incarcerated in a prison facility for the 1991 conviction by the time of these arrests in 2005.

---

[11]St. Rec. Suppl. Vol. 1 of 1, Transfer Records, 8/19/11, Rap Sheet, 8/19/11; Criminal History Records, 10/9/91.

[12]St. Rec. Suppl. Vol. 1 of 1, Transfer Records, 8/19/11.

The records further show that Taylor was subsequently arrested on March 11, 2008, and charged by bill of information in St. Charles Parish with possession with intent to distribute cocaine.[13]  The records also indicate that he was convicted on that charge and, on June 12, 2008, he was sentenced to serve eight years in prison, with the first two years to be served without benefit of parole, probation or suspension of sentence with the understanding that the state would not pursue a multiple bill.[14]  He is presently incarcerated and serving the sentence on that conviction.[15]

### III.  Taylor is Not Entitled to Relief

This matter was referred for findings "on the issue of whether Taylor is entitled to relief based on his sentence having expired."[16]  The supplemental records reflect that Taylor is not still incarcerated for the 1991 conviction at issue in the instant habeas petition.  He is currently incarcerated on a completely different 2008 conviction.  There is no indication in the records, nor any allegation by Taylor, that he was held beyond the completion date of the sentence on the 1991 conviction.  The record presents no basis for and Taylor is not entitled to any habeas relief as a result of an expired sentence, since he is no longer serving that sentence and is not incarcerated under that sentence.

### IV.  Lack of Jurisdiction

In the Court's original Report and Recommendation, it was recommended that Taylor's federal habeas petition be dismissed with prejudice as time barred.[17]  While the basis for that

---

[13]St. Rec. Suppl. Vol. 1 of 1, Arrest Date, 3/11/08; Bill of Information, No. 08-0123, 4/21/08; Rap Sheet, 8/19/11.

[14]St. Rec. Suppl. Vol. 1 of 1, Commitment Order, 6/13/08; Rap Sheet, 8/19/11.

[15]St. Rec. Suppl. Vol. 1 of 1, Transfer Records, 8/19/11; Rap Sheet, 8/19/11.

[16]Rec. Doc. No. 18.

[17]Rec. Doc. No. 15.

4

recommendation is still true, the supplemental records provide an additional basis for the dismissal of Taylor's petition with prejudice that was not apparent during the Court's prior review of the record. That is, this Court is without jurisdiction to entertain Taylor's petition for the following reasons.

Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a). Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be in custody at the time the petition is filed <u>for the conviction or sentence under attack</u>. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 400-401 (2001).

Thus, to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Whether a petitioner is "in custody" is determined as of the date on which the federal habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425.

As the United States Supreme Court held in *Lackawanna*, when a habeas petitioner is no longer serving the sentence imposed pursuant to his old conviction, he cannot bring a federal habeas action directed solely at challenging that conviction. That is exactly what Taylor has attempted to

do here. He is no longer incarcerated, or serving a sentence, for the 1991 conviction at issue in this petition. He also has made no effort to challenge his current 2008 conviction or sentence based on any alleged infirmity in the 1991 conviction. His claims in the instant petition are solely directed at the validity of the 1991 conviction for which he is no longer in custody. He is not entitled to do this.

For the foregoing reasons, this Court is without jurisdiction to entertain Taylor's petition challenging the 1991 conviction for which he is no longer in custody.

## V.     Recommendation

For the foregoing reasons and those addressed in the original Report and Recommendation (Rec. Doc. No. 15), it is **RECOMMENDED** that Charles Taylor's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for lack of jurisdiction, or alternatively as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[18]

New Orleans, Louisiana, this 7th day of November 2011.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[18] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

do here. He is no longer incarcerated, or serving a sentence, for the 1991 conviction at issue in this petition. He also has made no effort to challenge his current 2008 conviction or sentence based on any alleged infirmity in the 1991 conviction. His claims in the instant petition are solely directed at the validity of the 1991 conviction for which he is no longer in custody. He is not entitled to do this.

For the foregoing reasons, this Court is without jurisdiction to entertain Taylor's petition challenging the 1991 conviction for which he is no longer in custody.

## V.     Recommendation

For the foregoing reasons and those addressed in the original Report and Recommendation (Rec. Doc. No. 15), it is **RECOMMENDED** that Charles Taylor's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for lack of jurisdiction, or alternatively as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[18]

New Orleans, Louisiana, this 7th day of November 2011.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[18] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.